## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

GHASSAN SHAHIN AND JAROSLAVA                    CASE NO.: 8:19-cv-1773
SHAHIN,

     Plaintiff,

vs.

ALLY FINANCIAL, INC.,                           <u>DEMAND FOR JURY TRIAL</u>

     Defendant,

_____/

## COMPLAINT

**COME NOW**, Plaintiffs, GHASSAN SHAHIN and JAROSLAVA SHAHIN (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sue Defendant, ALLY FINANCIAL, Inc., (hereafter "Defendant"), and state as follows:

### PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

### JURISDICTION AND VENUE

1.  Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2.  Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

1

3.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

4.      Plaintiffs are individuals who reside in Pinellas County, Florida.

5.      Plaintiffs are consumers as defined by the FCCPA, Fla. Stat. § 559.55(2).

6.      Defendant is a foreign profit corporation as registered with the Florida Department of State, Division of Corporations and can be served through its registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

7.      Defendant is a "Creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5) and does business throughout the state of Florida, including Pinellas County, Florida.

8.      Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

9.      The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Pinellas County, Florida, by the Defendant's placing of unlawful telephone calls to Plaintiffs' cellular telephones.

10.     Defendant, at all material times, was attempting to collect a debt relating to an Ally Financial Contract, Account No. ending in –3742.

11.     The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6).

12.     Plaintiffs revoked any prior express consent for Defendant to contact Plaintiffs via cellular telephone or any other form of communication on March 13, 2019 when Plaintiffs verbally advised Defendant to stop calling their cellular telephone.

13.     All calls to Plaintiffs' cellular telephones after March 13, 2019 were made without the "prior express consent" of Plaintiffs.

14.     Plaintiffs are the regular users and carriers of the cellular telephone numbers ending in –0524, –0344, and –5606 and were the called parties and recipients of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

15.     Defendant knowingly and/or willfully called Plaintiffs' cellular telephones after Defendant had unequivocal notice from Plaintiffs to cease any and all calls and after Plaintiffs withdrew any prior consent or permission to be contacted.

16.     Defendant knowingly and/or willfully harassed and abused Plaintiffs by calling Plaintiffs' cellular telephones multiple times per day after Plaintiff revoked any alleged consent for Defendant to contact Plaintiff's cellular telephones.

17.     Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiffs' cellular telephones.

18.     The following phone numbers, including, but not limited to, 855-306-6998, 855-237-2357, 833-669-2847, 888-673-8490, 866-891-8876, 904-886-5291, 904-886-5294, 972-537-3138, and 866-443-3117 are phone numbers Defendant used to call Plaintiffs' cellular telephones.

19.     Defendant has or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all calls made to Plaintiffs.

20.     Defendant placed calls to Plaintiffs' cellular telephones that included delays in time before the telephone call was transferred to a representative to speak.

21.     Some of the representatives who called Plaintiffs' cellular telephones sounded like an artificial or pre-recorded voice.

22.     Defendant left messages on Plaintiffs' cellular telephones that started with a delay in time before the representative joined the line to leave a message.

23.     Some of the voicemail messages received by Plaintiffs on their cellular telephones from Defendant sounded like an artificial or pre-recorded voice requesting a return call from Plaintiffs.

24.     Plaintiffs did not speak with a live representative during some of the phone calls because they were made by Defendant using an artificial or pre-recorded voice.

25.     The calls from Defendant to Plaintiffs' cellular telephones continued despite Plaintiffs expressly revoking their consent.

26.     None of Defendant's telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

27.     None of Defendant's telephone calls placed to Plaintiffs were made with Plaintiffs' "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

28.     All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

29.     Plaintiffs incorporate all allegations in paragraphs 1-28 above as if stated fully herein.

30.     Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

31.     Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiffs with such frequency as can reasonably be expected to abuse or harass Plaintiffs.

32.     Specifically, Defendant continued to make numerous telephone calls to Plaintiffs' cellular telephones after being notified to no longer call Plaintiffs through any means.

33.     Despite Defendant's knowledge of Plaintiffs' requests not to be contacted via cellular telephone, Defendant continued to call Plaintiffs' cellular telephones.

34.     The continued contact by Defendant was abusive and harassing to Plaintiffs.

**WHEREFORE**, Plaintiffs, GHASSAN SHAHIN and JAROSLAVA SHAHIN, demand judgment against Defendant, ALLY FINANCIAL, INC., for the following relief:

a.     any actual damages sustained by Plaintiffs as a result of the above allegations;

b.     statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.     pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiffs whole;

d.     in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiffs; and

e.     any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

35.     Plaintiffs incorporate all allegations in paragraphs 1-28 above as if stated fully herein.

36.     Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

37.     Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiffs' cellular telephones.

38.     Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiffs' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice.

39.     The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiffs, GHASSAN SHAHIN and JAROSLAVA SHAHIN, demand judgment against Defendant, ALLY FINANCIAL, INC., for the following relief:

a.      statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after Plaintiffs' revocation.

b.      an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c.      any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues.

Date: July 22, 2019                              **BOSS LAW**

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@bosslegal.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 449-8792
**Attorney for Plaintiffs**